| | |
|---|---|
| Rachel C. Strickland | John Langford |
| Aaron E. Nathan | Rachel Goodman |
| James H. Burbage | UNITED TO PROTECT DEMOCRACY |
| M. Annie Houghton-Larsen | 82 Nassau Street, #601 |
| WILLKIE FARR & GALLAGHER LLP | New York, NY 10038 |
| 787 Seventh Avenue | Telephone: (202) 579-4582 |
| New York, NY 10019 | john.langford@protectdemocracy.org |
| Telephone: (212) 728-8000 | rachel.goodman@protectdemocracy.org |
| rstrickland@willkie.com | |
| anathan@willkie.com | Von A. DuBose (*pro hac vice* forthcoming) |
| jburbage@willkie.com | DUBOSE MILLER LLC |
| mhoughton-larsen@willkie.com | 75 14th Street NE |
| | Suite 2110 |
| Michael J. Gottlieb | Atlanta, GA 30309 |
| Meryl Governski (admitted *pro hac vice*) | Telephone: (404) 720-8111 |
| WILLKIE FARR & GALLAGHER LLP | dubose@dubosemiller.com |
| 1875 K Street NW | |
| Washington, DC 20006 | |
| mgottlieb@willkie.com | |
| mgovernski@willkie.com | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RUDOLPH W. GIULIANI<br>a/k/a RUDOLPH WILLIAM GIULIANI, | Case No. 23-12055 (SHL) |
| Debtor. | |
| RUBY FREEMAN and WANDREA' ArSHAYE MOSS, | Adv. Pro. No. _____ |
| Plaintiffs, | |
| v. | **COMPLAINT FOR INJUNCTIVE RELIEF** |
| RUDOLPH W. GIULIANI<br>a/k/a RUDOLPH WILLIAM GIULIANI, | |
| Defendant. | |

**INTRODUCTION**

1. This is an action for injunctive relief to permanently bar Defendant Rudolph W. Giuliani ("Defendant") from continuing his malicious campaign against Plaintiffs Ruby Freeman and Wandrea' ArShaye "Shaye" Moss ("Plaintiffs"). Undeterred by facts, logic, decency, professional discipline, court orders in multiple jurisdictions, a criminal indictment, a multi-million dollar jury verdict, or declaring bankruptcy as a result, Mr. Giuliani has entered year four of intentionally defaming Ms. Freeman and Ms. Moss—repeating the very same lies that Plaintiffs engaged in fraud during their service as election workers during the 2020 presidential election.

2. Enough is enough. Contrary to his delusions of grandeur, the law does apply to Mr. Giuliani, and it is beyond time to make him follow it. As the Supreme Court of the United States held more than fifty years ago, injunctive relief is the appropriate remedy for those, like Mr. Giuliani, who continue to publish speech already held to be unprotected. *See, e.g.*, *Pittsburgh Press Co. v. Pittsburgh Comm'n on Hum. Rels.*, 413 U.S. 376, 390 (1973); *Kingsley Books, Inc. v. Brown*, 354 U.S. 436, 441 (1957). This Court should promptly impose that remedy.

3. Mr. Giuliani has already been found liable for defamation and intentional infliction of emotional distress for disseminating these same lies in *Freeman et al. v. Giuliani*, No. 21-cv-3354 (D.D.C.) (the "Freeman Litigation"). After the United States District Court for the District of Columbia (the "D.C. District Court") entered default judgment on liability against Mr. Giuliani—based in part on his own attempts to stipulate to liability for nearly identical statements as are at issue here—the case proceeded to a jury trial on damages. At trial, Mr. Giuliani heard Ms. Freeman and Ms. Moss testify about the devastating consequences of his campaign of lies. On December 15, 2023, a jury entered a unanimous verdict awarding Plaintiffs over $148 million in combined compensatory and punitive damages, and on December 18, 2023, the D.C. District Court entered final judgment on that jury award, while declaring that Mr. Giuliani engaged in defamation

2

*per se*, intentional infliction of emotional distress, and a civil conspiracy to commit the same. The Court specifically declared that Mr. Giuliani's claims about Plaintiffs are false, that Mr. Giuliani acted with actual malice, and his conduct was intentional, malicious, wanton, and willful.

4. Mr. Giuliani's campaign of tortious conduct continued during the Freeman Litigation, including declaring to reporters that his statements were all "true" after leaving the courthouse after the first day of trial. Plaintiffs brought a second action for injunctive relief in the D.C. District Court, seeking to put an end to Mr. Giuliani's continued defamatory lies. *See Freeman v. Giuliani*, No. 23-cv-3754 (D.D.C. Dec. 18, 2023). Three days later, Mr. Giuliani filed a bankruptcy petition in this Court, automatically staying Plaintiffs' action for injunctive relief.

5. Since being found liable for defamation in the Freeman Litigation, and then filing his chapter 11 petition in this Court, Mr. Giuliani has acted as if he is operating in a law-free zone in which there are no consequences for anything he does. He has continued to spread the very same lies that he previously conceded made him liable for defamation in the Freeman Litigation. For example, Mr. Giuliani stipulated to his own liability, and was subsequently held liable, for claiming Ms. Freeman and Ms. Moss "deliberately threw people out and counted the ballots in private[;]" and "counted [ballots] more than one time—three, four, five, six, seven times, eight times."[1] Since filing his chapter 11 petition, Mr. Giuliani has claimed that Ms. Freeman and Ms. Moss "excluded the public . . . threw them out, [and] cased the joint like I said[;]"[2] and were "counting the ballots four times. One two, one two, four times four times four times."[3]

---

[1] *Freeman v. Giuliani*, No. 21-cv-3354 (D.D.C. May 10, 2022), ECF. 22, Ex. A at ¶¶ 66, 90.

[2] Rudy W. Giuliani (@RudyGiuliani), *America's Mayor Live (397): The Stunning Lack of Leadership at These So-Called Elite Universities* (April 30, 2024, 8:00 PM), https://twitter.com/RudyGiuliani/status/1785459381741801931 at 53:03–53:10.

[3] Rudy W. Giuliani (@RudyGiuliani), *America's Mayor Live (384): The Fall of New York City & How the Giuliani Playbook Can Spur a Revival*, (April 11, 2024, 8:00 PM), https://twitter.com/i/broadcasts/1lPKqbpkgMYGb at

3

6. Mr. Giuliani made these statements knowing the impact his past defamation had on Ms. Freeman and Ms. Moss and knowing the harm that ongoing defamation would cause. He also made these statements after being warned by this Court not to do so.[4] Mr. Giuliani cannot be permitted to use the bankruptcy system as a shield while continuing his baseless attacks on Plaintiffs. Left unchecked, Mr. Giuliani's statements will dramatically increase post-petition claims against his estate and drain it of any distributable value for his creditors. Plaintiffs accordingly bring this adversary proceeding for injunctive relief to put a stop to Mr. Giuliani's continuing, knowing defamation, once and for all.

## PARTIES

7. Plaintiffs Ruby Freeman and Wandrea' "Shaye" Moss were plaintiffs in the Freeman Litigation, and hold a final money judgment in the amount of $146,206,113.00, plus post-judgment interest, entered in that litigation. Plaintiffs are creditors in the Defendant's Chapter 11 bankruptcy case, *In re Rudolph W. Giuliani*, No. 23-12055 (SHL).

8. Defendant Rudolph W. Giuliani is the debtor in Case No. 23-12055 (SHL) and was a defendant in the Freeman Litigation.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. Venue is proper in this District under 28 U.S.C. § 1409(a) because this adversary proceeding relates to *In re Rudolph W. Giuliani*, No. 23-12055-SHL, a Chapter 11 case pending in this District. Plaintiffs consent to entry of final orders or judgment by this Court.

---

1:08:27–1:08:32.

[4] *See* Jan. 19, 2024 Hr'g Tr. 70:25–72:7, *In re Rudolph W. Giuliani*, No. 23-12055 (SHL) (Bankr. S.D.N.Y.).

4

**BACKGROUND**

10.     The Freeman Complaint filed in the Freeman Litigation and the voluminous evidentiary record presented at trial set forth in detail the facts underlying Plaintiffs' judgment against Mr. Giuliani. As relevant here, all facts alleged in the Freeman Complaint are deemed admitted by operation of the default judgment entered against Mr. Giuliani in that case. A copy of the operative complaint in that action is attached to this Complaint as Exhibit A and incorporated herein by reference. Plaintiffs summarize the relevant facts here to provide background for the claims at issue in this adversary proceeding.

11.     On December 3, 2020, Mr. Giuliani began spreading the lie that non-partisan election workers at State Farm Arena in Fulton County, Georgia—including Ms. Freeman and Ms. Moss—"stole" the Presidential Election in Georgia from former President Trump. In the days and weeks that followed, Mr. Giuliani accused Ms. Freeman and Ms. Moss of excluding election observers under false pretenses, fabricating a water leak to exclude observers, hiding illegal ballots in suitcases, counting illegal ballots multiple times, and passing a USB drive to alter the vote tally.[5] He spread these lies on multiple platforms and encouraged others to do the same.[6] Strangers who believed Mr. Giuliani's lies contacted Ms. Freeman and Ms. Moss, harassing the women online, by phone, and, eventually, in person.[7]

12.     After enduring the effects of Mr. Giuliani's lies for over a year, Ms. Freeman and Ms. Moss initiated the Freeman Litigation on December 23, 2021.

---

[5]  *See* Ex. A ¶¶ 4, 38, 59, 61, 66, 69, 91, 99, 100, 107, 134, 166.
[6]  *Id.* ¶¶ 5, 12, 18.
[7]  *Id.* ¶¶ 139–162.

13. On August 31, 2023, the D.C. District Court found that Mr. Giuliani had "intentionally and willfully ignored" his obligation to preserve evidence, and engaged in "willful shirking of his discovery obligations." As a consequence of that "willful discovery misconduct," the D.C. District Court entered a default judgment as to liability against Mr. Giuliani as a sanction under Federal Rule of Civil Procedure 37. That default judgment had the effect of deeming as true the factual allegations in the operative complaint in the Freeman Litigation. A copy of the order granting a default judgment is attached to this Complaint as Exhibit B and incorporated herein by reference.

14. A jury trial was held to quantify the damages owed to Plaintiffs as a result of Mr. Giuliani's liability on Plaintiffs' claims. On December 15, 2023, a federal jury returned a unanimous verdict awarding Ms. Freeman and Ms. Moss approximately $148 million in compensatory and punitive damages. A copy of the Verdict Form is attached to this Complaint as Exhibit B and incorporated herein by reference.

15. Following the verdict, Plaintiffs' counsel asked Mr. Giuliani to enter into an agreement to stop publishing these and any similar false claims about Plaintiffs. Mr. Giuliani refused.

16. On December 18, 2023, Plaintiffs and Mr. Giuliani entered a Joint Stipulation Regarding Entry of Final Judgment, which requested that the D.C. District Court enter Declaratory Judgment as to multiple facts, including that:

> (1) that the Actionable Statements set forth in the Amended Complaint are false; (2) that those statements are defamatory and defamatory per se; (3) that those statements were of and concerning Plaintiffs; (4) that Defendant made those statements with actual malice; (5) that Defendant published those statements to third parties without privilege; and (6) that those statements caused Plaintiff harm.[8]

---

[8] Joint Stipulation Regarding Entry of Final Judgment, *Freeman v. Giuliani*, No. 21-cv-3354 (D.D.C. December 18,

6

A copy of the Joint Stipulation is attached as Exhibit D and incorporated herein by reference.

17. The D.C. District Court entered final judgment (the "Final Judgment") the same day. A copy of the Final Judgment is attached as Exhibit E and incorporated herein by reference. That Final Judgment included the precise declaratory relief to which Mr. Giuliani had stipulated, including a declaration that the statements challenged in Plaintiffs' operative complaint

> [(1)] are false; (2) that those statements are defamatory and defamatory *per se*; (3) that those statements were of and concerning plaintiffs; (4) that defendant made those statements with actual malice; (5) that defendant published those statements to third parties without privilege; and (6) that those statements caused plaintiffs harm.[9]

Accordingly, the Final Judgment's express declaratory relief conclusively establishes all the elements of defamation *per se* with respect to Mr. Giuliani's statements, and those determinations extend to Mr. Giuliani's substantially identical post-petition statements alleged in this Complaint.

18. The same day, because of Mr. Giuliani's refusal to agree to stop spreading his lies about Plaintiffs, Plaintiffs filed suit for injunctive relief in the D.C. District Court. A copy of the operative complaint in that action is attached to this Complaint as Exhibit F and incorporated herein by reference. That lawsuit was automatically stayed as a result of Mr. Giuliani initiating this bankruptcy proceeding on December 21, 2023, and remains stayed now.

19. Since filing his bankruptcy petition, Mr. Giuliani has taken advantage of the automatic stay of Plaintiffs claim for injunctive relief to continue to spread the very same lies for which he has already been held liable in the Freeman Litigation. For example:

---

2023), ECF No. 138 (the "Joint Stipulation") (internal citations omitted); Ex. D at 2.

[9] *See* Final Judgment, *Freeman v. Giuliani*, No. 21-cv-3354 (D.D.C. December 18, 2023), ECF No. 142 (internal citations omitted); Ex. E at 2.

7

20. On January 5, 2024, Mr. Giuliani appeared on his daily Twitter live cast, *America's Mayor Live*, and said the following:

> [t]he case was in Georgia, the two women, I could play the tapes for you right now of one of them counting ballots four times. I wasn't allowed to play it at the trial, she'll probably put me in jail if I play them. God forbid you should find out the truth. Because we don't live in a free country any longer. We're free as long as we do what the Biden regime requires us to do, which is to submit to the lie that the election of 2020 was legitimate. Submit to the lie that these women didn't do multiple counts of the ballot. Submit to the lie that Atlanta, Georgia didn't engage in election fraud, it would almost be inconsistent in who they are if they didn't engage in election fraud.[10]

21. On January 8, 2024, Mr. Giuliani appeared on his second Twitter live cast, *America's Mayor Confidential*, and said:

> I was not allowed to put it in a defense. I was not allowed to take the videos of **the women of the woman, one of the women, I had a clear video of her quadruple and triple counting the same ballots.** You can look at it 100 times you can analyze it 50 ways to Sunday **that's exactly what she was doing.**[11]

22. On March 25, 2024, Mr. Giuliani appeared on *America's Mayor Live* and said:

> I mean, I pointed to the evidence that I had, **and the evidence that I had, including those women who were, you know, counting up the votes a couple of times**…about those women are – it's my opinion. It's my opinion. You can go look on tape for yourself. You decide, you decide: were they counting the votes more than one time **or weren't they, you can see it!**[12]

---

[10] Rudy W. Giuliani (@RudyGiuliani), *America's Mayor Live E315 Joe Biden Says My Name in Re-Election Campaign Announcement - My Response*, (Jan. 5, 2024, 8:00 PM), https://x.com/RudyGiuliani/status/1743437296396013678?s=20 at 15:01–16:04.

[11] Rudy W. Giuliani (@RudyGiuliani), *Setting the Record w/ Cara Castronuova (X9)*, America's Mayor Confidential, (Jan. 8, 2024, 9:00 PM), https://twitter.com/RudyGiuliani/status/1744461285696151749 at 18:57–19:24.

[12] Rudy W. Giuliani (@RudyGiuliani), *America's Mayor Live (E371): Appeals Court Rules Against Judge Engoron in Phony Fraud Case YET AGAIN*, (March 25, 2024, 8:00 PM), https://twitter.com/i/broadcasts/1eaKbgYdEeZGX at 1:11:04–1:11:58.

8

23. On April 11, 2024, Mr. Giuliani spoke at an event in Tulsa, Oklahoma, which he livestreamed on *America's Mayor Live*. During the live cast, Mr. Giuliani said the following about security footage from State Farm Arena depicting Plaintiffs:

> Fir- Fir- First, **I was sued by the two women who were counting multiple ballots in Georgia. We have them, one of them on tape doing it.** And I'm sued because I offered an opinion that they were doing it on radio and television. So I'm sued for defamation. **And I also pointed out that anybody could see it on tape that wanted to** . . . for these women, who I wasn't allowed to put in evidence, **the tape that shows them doing what I said they did** . . . **they don't have the evidence that I can show you tonight of them counting the ballots four times. One two, one two, four times four times four times.**[13]

24. On April 13, 2024, Mr. Giuliani reposted clips of his April 11, 2024 statements on *America's Mayor Live* to his Instagram. The clip includes Mr. Giuliani's claims that the "judgement was $145 million for these women, **I wasn't allowed to put in evidence the tape that shows them doing what I said they did**" and "I can show you tonight [evidence] of them, **counting the ballots four times, one two one two four times four times four times.**"[14]

25. On April 30, 2024 Mr. Giuliani appeared on *America's Mayor Live* and showed clips of security footage from State Farm Arena. He told viewers:

- He was ahead when they stol- stole it from him too in Georgia. 47, 44 Ted. So at the night of the election, Georgia stops counting at remember it's the whole thing about the was there a was there a- a complete like water main break or wasn't there? **Well, there wasn't a water main break but there's tape and the tape shows you**[;][15]

- in the key time when **they excluded the public.** The key time when **they threw them out. The key time when they cased the joint like I said. The key time when they were counting votes.** I'm going to show you this again. We've done it

---

[13] Rudy W. Giuliani (@RudyGiuliani), *America's Mayor Live (384): The Fall of New York City & How the Giuliani Playbook Can Spur a Revival*, (April 11, 2024, 8:00 PM), https://twitter.com/i/broadcasts/1lPKqbpkgMYGb at 1:06:40–1:08:32.

[14] Rudy W. Giuliani (@therudygiuliani), Instagram (Apr. 13, 2024), https://www.instagram.com/p/C5taWK3NQrO.

[15] Rudy W. Giuliani (@RudyGiuliani), *America's Mayor Live (397): The Stunning Lack of Leadership at These So-Called Elite Universities* (April 30, 2024, 8:00 PM), https://twitter.com/RudyGiuliani/status/1785459938741801931 at 49:02–49:27.

9

before. I have- Now, I have some of it. Not anywhere near the scope of they're doing it but all you got to do is do it once to go to federal prison, we should have them doing it 12, 15 tim- uh about 12 times. I'll tell you what it looks like it looks like this. We'll watch some tomorrow night takes a little while to find it. Well you want to look for it while I'm doing this? **So they take the ballots and they put it in. The ballots gets finished, they take them out. And they're supposed to do that with it. They put them in again. And they do it four times**[;][16]

- So they put it in. **They count it second time, take it back, reorganize the same ballots, put it in the fourth time.** I take it out, let it go and do you see this? **You see one of them who's involved in my case, do it twice. And then you see her cohort who isn't involved in the case but worked for them, do it two or three times**. Now, if we had all of the tape, you'd see a lot more of it. You'd see a lot more of it[;][17] and

- the original tapes, **which show these women run around like chickens without a head, excluding the people. I mean, it's we shouldn't even be fighting about this. You see how empty that was? They were counting ballots for sure. Nobody disputes this while it was empty like that. That's a violation of Georgia law.** And it makes all of the ballots arguably invalid. I certainly have a right to argue it. **When it looks like that you can't count votes.** And another section at exactly this time, they're counting votes. But there's no members of the public around and violates Georgia law.[18]

26. These are the exact same lies already held to be false and defamatory by the D.C. District Court.

27. Mr. Giuliani's persistence in making these statements after all that has transpired, coupled with his refusal to agree to refrain from continuing to make such statements, make clear that he intends to continue in his campaign of targeted defamation and harassment. Accordingly, there is an overwhelming, ongoing, and imminent risk that Mr. Giuliani will inflict substantial reputational and emotional harm on Plaintiffs. This has to stop.

---

[16] *Id*. at 53:02–53:55.

[17] *Id*. at 54:56–55:29.

[18] *Id*. at 56:00–56:40.

28. Plaintiffs lack an adequate remedy at law. Mr. Giuliani has asserted his own insolvency in his chapter 11 case. In his words, Mr. Giuliani's "filing was precipitated by the issuance of a $148 million dollar verdict entered against the Debtor along with numerous other lawsuits currently pending."[19] His assets are estimated to be worth up to $10 million.[20] His debts total over $150 million, which does not account for the five creditors with unliquidated claims against Mr. Giuliani—Mr. Eric Coomer, Ph.D, Ms. Noelle Dunphy, Mr. Robert Hunter Biden, Smartmatic USA Corp., and US Dominion Inc.[21] Absent injunctive relief, Plaintiffs will continue to suffer injuries that Mr. Giuliani has no ability to compensate.

29. Even if Mr. Giuliani were not insolvent and could conceivably recompense Plaintiffs, an injunction is the only way to stop Mr. Giuliani from continuing to spread the specific claims about Plaintiffs already held to be false, defamatory, and unprotected.

## CAUSE OF ACTION: DEFAMATION PER SE

30. Plaintiffs incorporate all paragraphs in this Complaint as if fully set forth herein.

31. As has been conclusively determined in the Freeman Litigation, Mr. Giuliani's statements are false statements of and concerning Plaintiffs, that accuse Ms. Freeman and Ms. Moss of criminal acts and therefore, are defamatory *per se*.[22]

32. Mr. Giuliani published, caused to publish, or reasonably could have foreseen the publication of post-petition defamatory statements about Ms. Freeman and Ms. Moss, including by and through his agents and by republishing the statements on his website, social media accounts,

---

[19] *In re Rudolph W. Giuliani*, No. 23-12055 (SHL), ECF No. 5 ¶ 5.

[20] *In re Rudolph W. Giuliani*, No. 23-12055 (SHL), ECF No. 1 at 6.

[21] *In re Rudolph W. Giuliani*, No. 23-12055 (SHL), ECF No. 2.

[22] *Freeman v. Giuliani*, No. CV 21-3354 (BAH), 2022 WL 16551323, at *8 (D.D.C. Oct. 31, 2022).

and media programs—including but not limited to *America's Mayor Live*, *America's Mayor Confidential*—which are republished on multiple platforms, including but not limited to Twitter/X, Rumble, YouTube, Instagram, and Gettr.

33.     As reasonably foreseeable—and intended—these statements caused Plaintiffs significant reputational and emotional harm, and if repeated will continue to cause Plaintiffs significant reputational and emotional harm.

34.     As has been conclusively determined in the Freeman Litigation, Mr. Giuliani has made these statements with actual malice, i.e., with the knowledge that they are false.

35.     As has been conclusively determined in the Freeman Litigation, Mr. Giuliani had and has no applicable privilege or legal authorization to continue to make false statements about Ms. Freeman and Ms. Moss. He did not and does not neutrally report allegations about Ms. Freeman and Ms. Moss. Further, Mr. Giuliani's statements can be reasonably understood to imply provably false facts and are not First Amendment protected statements of opinion.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court enter judgment:

a) Permanently enjoining Mr. Giuliani from repeating the defamatory statements for which he has been held liable in the Freeman Litigation, and any substantially similar statements, pursuant to Federal Rule of Bankruptcy Procedure 7065 and Federal Rule of Civil Procedure 65; and

b) Granting Plaintiffs such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: May 10, 2024 | /s/ Rachel C. Strickland |
| Michael J. Gottlieb<br>Meryl C. Governski (admitted *pro hac vice*)<br>WILLKIE FARR & GALLAGHER LLP<br>1875 K Street NW<br>Washington, DC 20006<br>mgottlieb@willkie.com<br>mgovernski@willkie.com<br><br>Von A. DuBose (*pro hac vice* forthcoming)<br>DUBOSE MILLER LLC<br>75 14th Street NE<br>Suite 2110<br>Atlanta, GA 30309<br>Telephone: (404) 720-8111<br>dubose@dubosemiller.com | Rachel C. Strickland<br>Aaron E. Nathan<br>James H. Burbage<br>M. Annie Houghton-Larsen<br>WILLKIE FARR & GALLAGHER LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 728-8000<br>Facsimile: (212) 728-8111<br>rstrickland@willkie.com<br>anathan@willkie.com<br>jburbage@willkie.com<br>mhoughton-larsen@willkie.com<br><br>John Langford<br>Rachel Goodman UNITED TO PROTECT DEMOCRACY<br>82 Nassau Street, #601<br>New York, NY 10038<br>Telephone: (202) 579-4582<br>john.langford@protectdemocracy.org<br>rachel.goodman@protectdemocracy.org |