**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

May 10, 2024

**VIA ECF**

Hon. Sean H. Lane
United States Bankruptcy Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Re: *Freeman, et al. v. Giuliani*, Adv. Pro. No. 24-01355-SHL;
*In re Rudolph W. Giuliani*, No. 23-12055-SHL

Dear Judge Lane:

Pursuant to Local Rule 7056-1(a), Plaintiffs Ruby Freeman and Wandrea' ArShaye ("Shaye") Moss respectfully request a pre-motion conference on Plaintiffs' forthcoming motion for summary judgment and entry of permanent injunctive relief.

Earlier today, Plaintiffs commenced this adversary proceeding against Defendant Rudolph W. Giuliani, pursuant to Federal Rule of Bankruptcy Procedure 7001(7), to obtain injunctive relief restraining Mr. Giuliani from continuing to repeat the very same defamatory lies for which he was already held liable in *Freeman v. Giuliani*, No. 21-cv-3354 (BAH) (D.D.C.) (the "Freeman Litigation"). Because all material facts have been conceded, and—in any event—have been conclusively determined in Plaintiffs' favor, Plaintiffs intend to seek summary judgment on all claims immediately, along with the entry of a permanent injunction. *See* Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a).

The grounds for Plaintiffs' motion for summary judgment are as follows:

**First**, Plaintiffs' judgment against Mr. Giuliani includes declaratory relief—to which Mr. Giuliani stipulated—declaring that Mr. Giuliani's statements "are false," are "defamatory *per se*," are "of and concerning [P]laintiffs," were "made . . . with actual malice," were published "without privileged," and "caused [P]laintiffs harm." *See* ECF No. 1 ("Adversary Complaint"), at ¶ 17; *id.* Ex. E. Accordingly, the declaratory judgment conclusively establishes all the elements of defamation with respect to Mr. Giuliani's statements, and those determinations extend to Mr. Giuliani's substantially identical post-petition statements alleged in the Adversary Complaint.

**Second**, independent of the express terms of the declaratory judgment, the issue-preclusive effect of Plaintiffs' judgment against Mr. Giuliani also establishes all elements of defamation and intentional infliction of emotional distress, because Plaintiffs alleged facts satisfying all such elements in their operative complaint in the Freeman Litigation. Under well-established law, as Mr. Giuliani conceded in the underlying litigation, and as the District Court held, "[t]he consequence of default due to Giuliani's failure to preserve and produce his communications with others . . . is that the well-pled allegations in the complaint and all inferences that may reasonably be drawn from those allegations are deemed to be

true," *Freeman v. Giuliani*, No. 21-cv-3354 (BAH), 2023 WL 8472723, at *2 (D.D.C. Dec. 7, 2023) (collecting cases); *see also Freeman v. Giuliani*, No. 21-cv-3354 (D.D.C. Nov. 27, 2023), ECF No. 110 at 3 (Mr. Giuliani describing the default as an "admission of the facts cited in the Complaint" (internal quotation marks omitted)). Those allegations, deemed true in the Freeman Litigation and conclusively determined in Plaintiffs' favor by virtue of the final judgment entered in that litigation, now have issue-preclusive effect in this adversary proceeding. *See In re Snyder*, 939 F.3d 92, 100–01 (2d Cir. 2019).

For these reasons, there is no genuine dispute as to any material fact and Plaintiffs are entitled to judgment as a matter of law. Further, because Mr. Giuliani's conduct establishes beyond any reasonable dispute that there is a risk of ongoing and future harm to Plaintiffs, and because that harm will not be compensable at law due to Mr. Giuliani's insolvency, Plaintiffs are entitled to a final judgment awarding permanent injunctive relief.

Plaintiffs respectfully request that a pre-motion conference be held at the next status conference in Mr. Giuliani's chapter 11 case on **May 14, 2024 at 11:00 a.m.** Counsel for Plaintiffs will be in touch with your Chambers to confirm that date and time.

        Respectfully submitted,

        *s/* Rachel C. Strickland